DECISION AND JOURNAL ENTRY
Defendant, Dwayne S. Fain, has appealed from his conviction by the Summit County Court of Common Pleas for possession of cocaine. We affirm.
On September 16, 1999, Defendant was indicted on one count of possession of cocaine, in violation of R.C. 2925.11(A). Following a jury trial, Defendant was found guilty as charged. Defendant timely appealed and has asserted one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in denying [Defendant's] motion for acquittal as there was insufficient evidence as a matter of law to sustain a conviction for possession of cocaine.
 Defendant has argued that his conviction for possession of cocaine was insufficient as a matter of law and thus the trial court should have granted his Crim.R. 29 motion. We disagree.
The Supreme Court of Ohio articulated the following standard of review to determine the sufficiency of the evidence in the case of a conviction:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Thompkins, 78 Ohio St.3d at 386; State v. Feliciano (1996), 115 Ohio App.3d 646, 652 — 53.
Defendant was charged with possession of drugs in violation of R.C. 2925.11(A) which states: "[n]o person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.01(K) states that possess or possession means "having control over a thing or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation upon the premises upon which the thing or substance is found."
The testimony at trial established that Defendant and three other individuals were observed by police exiting a known drug house and entering a car that was illegally parked in the street. The police officers stopped to speak with the occupants of the car to determine why the car was stopped in the middle of the road. The officers learned during the course of the stop that none of the occupants of the car were licensed drivers. While determining whether the car would be towed, the officers had everyone step from the vehicle, ran a search on the occupants to determine if there were any outstanding arrest warrants, and secured the vehicle. During the search of the vehicle, the officers found one large rock of crack cocaine in the pocket located behind the driver's seat. The seat pocket was located directly in front of where Defendant had been seated in the car. The officers, while observing the occupants of the car, noted that there were no movements by any of the other passengers towards the seat pouch.
Defendant has argued that his proximity to the crack cocaine was insufficient to establish possession. This Court has previously observed, however, that:
 R.C. 2901.21(C) sets forth the requirements for criminal liability and provides: "(1) Possession is a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of his control thereof for sufficient time to have ended possession." Possession of controlled substances may be actual or constructive.
 * * * A person has constructive possession of a thing or substance when he is able to exercise dominion or control over it. * * * Dominion and control may be proven by circumstantial evidence alone. * * * Circumstantial evidence that the defendant was located very close to readily usable drugs may support a conclusion that the defendant had constructive possession.
 (Citations omitted.) State v. Gibson (May 6, 1998), Summit App. No. 18540, unreported, at 4. As stated previously, Defendant was located within sufficient proximity to the crack cocaine to exercise dominion or control over the drugs. Additionally, the police officer testified that no other occupants made any movements toward the pocket where the drugs were secreted. While Defendant has contended that the drugs could have been in the car prior to his entrance into the vehicle, the officer testified that defendants frequently are in possession of drugs after departing from a drug house as opposed to when arriving at one. Considering this evidence in the light most favorable to the prosecution, there was sufficient evidence to support his conviction for drug possession.
Defendant's assignment of error is overruled and the judgment of the trial court is sustained.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BAIRD, P.J., CARR, J., CONCUR